Behrooz P. Vida. SBOT No. 20578040
Carla R. Vida. SBOT No. 16674445
THE VIDA LAW FIRM. PLLC
3000 Central Drive
Bedford. Texas 76021
TEL: (817) 358-9977
FAX: (817) 358-9988
Proposed Counsel for Chapter 7 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ANGELA RENE DODSON | § | Case No. 25-42977-MXM-7 |
| Debtor | § | |

## MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE

BEHROOZ P. VIDA, Chapter 7 Trustee ("Trustee") files this *Motion to Approve Settlement Agreement and Release* (the "Motion"), pursuant to FED. R. BANKR. P. 9019 and L.B.R. 9019-1, and in support of this Motion, respectfully shows as follows:

### NOTICE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED -WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. IOTH STREET, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON MARCH 16, 2025, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     This is a core matter and the predicates for the relief requested are FED. R. BANKR. P. 9019 and L.B.R. 9019-1.

3.     On August 11, 2025, ANGELA RENE DODSON ("Debtor") filed chapter 7 bankruptcy.  Behrooz P. Vida was thereafter appointed interim trustee of the estate, subsequently qualified, and is now the acting Chapter 7 Trustee.

4.     Debtor listed a personal injury claim stemming from a dog bite as an asset which had resulted in the commencement of a case styled: *Angela Dodson, Plaintiff vs. Lindita Duga and Bashkim Duga, Defendants*, Cause No. 017-354913-24, in the 17th District Court, Tarrant County, Texas (the "State Court Litigation").

5.     Trustee determined that the bankruptcy estate had an interest in the State Court Litigation. is property of the bankruptcy estate.

6.     In Debtor's final Schedule C filed with the Court, Debtor elected Federal exemptions in protecting her exemptions claims.  [*See* ECF No. 37]

7.     Trustee filed a limited objection to Debtor's claim of exemptions. [*See* ECF No. 39]

8.     Noteboom - The Law Firm, was representing Debtor in the State Court Litigation on a contingency agreement.

9.     After discussions with Noteboom - The Law Firm, Trustee decided to retain Noteboom - The Law Firm, to represent the bankruptcy estate as special counsel ("Special Counsel").

10.     On October 22, 2025, Trustee filed his application to employ Special Counsel under 11 U.S.C. §327(e) to pursue the Cause of Action.

11.     On January 5, 2026, this Court entered an order approving the employment of Special Counsel.

12.     Special Counsel through its efforts has been able to reach settlements with the Lindita Duga and Bashkim Duga (collectively "Defendants").

13.     Trustee supports the approval of the agreement, and requests that this Court approve it.

## THE SETTLEMENT AGREEMENT

14.     The agreements reached with the Defendants is attached as **Exhibits A**.

15.     Under the terms of the Agreement:

    a.     The parties exchange mutual releases.

    b.     Defendants, through their insurance provider have paid the total sum of $120,000.00 to Trustee. *See* Exhibit A.

    **Additional Information Relating to the Agreement**

    c.     Out of the settlement amount of $120,000.00, the following medical providers, who have been provided with letters of protection by Special Counsel, will be paid the following amounts:

| | | |
|---|---|---|
| i. | Elevate HC Texas | $1,575.00 |
| ii. | Desiree Woodside-Nest Counseling | $   75.00 |
| | **TOTAL:** | **$1,650.00** |

    e.     Out of the total settlement amount of $120,000, the Special Counsel will be paid a contingency fee of $48,000.00 (.4 X $120,000.00) and will be reimbursed for expenses of $16,414.59.   Concurrent with this Motion, Special Counsel has filed a fee application for approval of its fees, expenses and payment to parties having received letters of protection.

    f.     After paying Special counsel for its fees and expenses, and the sums due to parties having received letters of protection from Special Counsel, the net remaining funds will total approximately $53,935.41 without deducting the

monthly fees which are charged to the bankruptcy estate's bank account by Trustee's bank.

g.    Additionally, Trustee and Debtor have resolved Trustee's limited objection to Debtor's claim of exemption [*see* ECF No. 39], and reached an agreed order wherein Debtor was entitled to (a) an allowed exemption of $17,475.00 under 11 U.S.C. § 522(d)(5), and (b) an allowed exemption of $27,274.51 under 11 U.S.C. § 522 (d)(11)(D). [*See* ECF No. 52]. The terms of the agreed order are incorporated into this Motion.

h.    If this Motion is approved based on the agreements reached the bankruptcy estate will have available the approximate total sum of $9,185.90 for payment of administrative fees and distribution to unsecured creditors.

i.    Trustee's general counsel in this proceeding is the Vida Law Firm, PLLC. In view of the modest recovery by the estate, Trustee's general counsel will waive its legal fees in this proceeding.

This summary is intended for convenience and actual terms of the agreements control and should be consulted.

## APPLICABLE AUTHORITY

16.    A bankruptcy court is given broad discretion under Bankruptcy Rule 9019 to determine whether to approve a proposed compromise. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson (In re TMT Trailer Ferry, Inc.),* 390 U.S. 414, 424 (1968). In ruling on the propriety of a compromise, the Court should determine whether the settlement is in the best interest of the bankruptcy estate. *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp.* (In re Foster Mortg. Corp.), 68 F.3d 914, 917 (5th Cir. 1995); *In re Aweco, Inc.,* 725 F.2d 293 (5th Cir. 1984). Bankruptcy settlements "are a normal part of the process of reorganization" and are "desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly." *Rivercity v. Herpel (In re Jackson Brewing Co.),* 624 F.2d 599, 602 (5th Cir. 1980) (quoting *Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106, 130 (1939)).

17.    The Bankruptcy Court may approve settlements if they are fair and equitable. *In re Matter of AWECO, Inc.,* 725 F.2d 293 (5th Cir. 1984). The factors to be reviewed by the

Bankruptcy Court in determining whether or not to approve a compromise are (a) the probability of success in litigating the controversies involved, with due consideration for uncertainties in fact and law; (b) the complexity and likely duration of the litigation and related expenses, inconvenience and delay; (c) the difficulties, if any, to be encountered in collecting on any judgment which might be obtained; and (d) the paramount interest of creditors and the estate. *In re Jackson Brewing Company*, 674 F.2d 605 (5th Cir. 1980).

18.    Trustee asserts that the overall consideration of the factors supports approval of the Agreement. Some of the factors considered by Trustee include the analysis set forth below.

19.    *Probability of success*.    Trustee has discussed with Special Counsel and has analyzed the probability of success and is of the opinion that the litigation risk includes risking an outcome wherein the bankruptcy estate will potentially makes no recovery at all.    Also, Debtor who has an exemptions claim against the proceeds, wishes that the matter be settled.

20.    *Complexity, duration, expense*. Trustee also has determined that the likely duration, additional expense, and related factors argue in favor of the settlement that is reflected in the agreement.  For example, and without limitation, the dispute will involve use of medical experts and factually intensive litigation as to what injuries were suffered.   Also, the expenses including expert fees, etc., will increase and diminish the bankruptcy estate's recovery.

21.    Collection of any judgment.  Even if the bankruptcy estate successfully obtains a judgment, the Cause of Action litigation may lead to extended appeals by the potential defendants which could delay and frustrate any collection.

22.    *Interest of creditors of the estate*.  The creditors deserve to see a final outcome as soon as practicable and have access to the recovery as soon as practicable.

23.    Based on all the foregoing, Trustee believes that the agreement provides for the greatest potential benefit to the bankruptcy estate which may be obtained in a reasonable amount of time and at a reasonable expense.

Accordingly, Trustee respectfully submits that the agreement satisfies the standards established in Bankruptcy Rule 9019 and by Fifth Circuit Court of Appeals, and that the agreement is in the best interest of the creditors, and that the Court should grant the relief sought in the Motion.

Respectfully submitted:

By:  /s/Behrooz P. Vida____ 2/19/2026
    Behrooz P. Vida
    State Bar No. 20578040
    Carla Reed Vida
    State Bar No. 16674445
    THE VIDA LAW FIRM, PLLC
    3000 Central Drive
    Bedford, Texas 76021
    EMAIL: filings@vidalawfirm.com
    TEL: (817) 358-9977
    FAX: (817) 358-9988

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing instrument was served on the date that the instrument was filed electronically.  Service was accomplished electronically and/or first-class mail to the parties indicated on mailing matrix filed with the Court.

By:  /s/Behrooz P. Vida____ 2/19/2026
    Behrooz P. Vida

Angela Rene Dodson
4360 Dulles Drive
#8210
Fort Worth, TX 76155-3538

Automotive Finance
6829 Smithfield Road
North Richland Hills, Texas 76180

CENTRELAKE APARTMENTS LP DBA
CENTREPORT LAKE
The Pope Law Firm
6161 Savoy
Suite 1125
Houston, TX 77036-3343

Harris HEB
Hospital
1600 Hospital Pkwy
Bedford, TX 76022-6913

I.Q. Data International Inc
Property Debt re: Harwood Hills
P.O. Box 39
Bothell , WA 98041-0039

In & Out Auto d/b/a 1st Place Auto
Auto Dealership & Finance
6550 Denton Highway
Fort Worth, Texas 76148

JPS Hospital
1500 S. Main Street
Fort Worth, Texas 76104

Medical City North Richland Hills
Emergency Hospital
4401 Booth Calloway Rd
North Richland Hills, TX 76180-7371

Midland Credit Management
Debt Buyer
320 E. Big Beaver Rd., Ste. 300
Troy , MI 48083-1271

National Credit Adjusters
Debt Buyer
327 W. 4 th Ave
Hutchinson, KS 67501-4842

NATIONAL CREDIT AUDIT CORPORATION
12770 COIT RD STE 1000
P O BOX 515489
DALLAS TX 75251-5489

Out Auto , dba 1st Place Auto
Dealership and Finance
Denton Highway
Worth, TX 76148-2511

QT
PO 2009
Tulsa, OK 74101-2009

Regional Acceptance Corporation
Auto Finance Company
1424 Fire Tower Road
Greenville , NC 27858-4105

Richmark Properties
Property Manager
91 E 700 S.
Logan, UT 84321-5769

The City of Hurst
Ambulance
2100 Precinct Line Rd.
Hurst, TX 76054-3137